## UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANNE M. ROWAN,<br><br>             Plaintiff<br><br>     vs.<br><br>JAMES T. CHANDLER & SON, INC.,<br>FUNERAL SERVICES OF DELAWARE<br><br>          Defendants. | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

Anne M. Rowan, by her undersigned counsel, hereby brings her Complaint and avers as follows:

## I.     JURISDICTION

1.     This action is authorized, initiated, founded upon and arises under the provisions of Federal and State law, including Title VII of the Civil Rights Act of 1964, as amended, and the Delaware Discrimination in Employment Act.

2.     The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1331 and 1343, and 19 Del. C. §714. The Court has supplemental jurisdiction over plaintiff's state law and common law claims pursuant to 28 U.S.C. § 1367.

3.     The amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000.00).

4.    The violations of Plaintiff's rights as alleged herein were committed in Delaware.

## II.    PARTIES

5.    The plaintiff, Anne M. Rowan, is an adult female individual, residing at 37 N. Warner Street, Woodbury, New Jersey 08096.

6.    Defendant Funeral Services of Delaware, LLC is a limited liability company with its principal place of business located at 2506 Concord Pike, Wilmington, Delaware 19803.

7.    Defendant James T. Chandler & Son, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 2506 Concord Pike, Wilmington, Delaware 19803.

8.    Upon information and belief, in 2001, James T. Chandler & Son, Inc., formed Funeral Services of Delaware, LLC and maintains an 82% interest in it. At that time, employees of Chandler Funeral Homes became employees of Funeral Services of Delaware; however, the business continued to operate under the "Chandler Funeral Homes" name.

9.    Upon information and belief, "Chandler Funeral Homes" is an overarching enterprise which includes Funeral Services of Delaware, LLC and James T. Chandler & Son, Inc. All business is conducted under the "Chandler Funeral Homes" name, even though it is not a separate business entity.

10.    Defendants Funeral Services of Delaware, LLC and James T. Chandler & Son, Inc. are alter egos and/or joint employers of Plaintiff and have been held out by defendants in prior litigation between the parties to be joint employers.

## III.    ADMINISTRATIVE PREREQUISITES

11.    On or about April 15, 2005, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor, which was dual filed with the EEOC, alleging unlawful

-2-

discrimination on account of sex and retaliation in violation of Title VII of the Civil Rights Act of 1964 and The Delaware Discrimination in Employment Act.

12.     On January 31, 2006, the Delaware Department of Labor issued a right to sue letter. *See* Exhibit A.

IV.     **FACTUAL ALLEGATIONS**

13.     Plaintiff is an adult female individual.

14.     On or about September 15, 1995, Plaintiff was hired by James T. Chandler & Son, Inc., as a pre-planning sales manager/sales representative.

15.     At that time, Plaintiff was the only employee in the Pre-Planning Department.

16.     Plaintiff successfully performed the job criteria of her position and never received a poor performance review from Defendants.

17.     During Plaintiff's tenure in the Pre-Planning Department as a sales manager/sales representative, revenues for the department grew significantly, and Plaintiff was in charge of the program.

18.     By the time Plaintiff was unlawfully discharged, she had written over One Million Dollars ($1,000,000.00) in pre-planning funeral services insurance policies annually benefitting Defendants.

19.     In 2001, Plaintiff became an employee of Funeral Services of Delaware, LLC, and received her pay and commission from Funeral Services.

20.     Defendants have asserted in prior litigation that Funeral Services of Delaware, LLC and James T. Chandler & Son, Inc., were "joint employers" of plaintiff and are estopped under principles of judicial estoppel from contesting whether they were "joint employers" for purposes of this lawsuit.

-3-

21.　　Alternatively, Defendants exercised joint control over the terms and conditions of Plaintiff's employment; therefore, they were joint employers of Plaintiff.

22.　　Despite Plaintiff's almost ten years of outstanding performance, on January 5, 2005, she was terminated from her position as a pre-planning sales representative.

23.　　At the time of her termination, Plaintiff was receiving a base salary of $28,000.00 per year, in addition to a commission on all sales and fringe benefits, including health insurance, paid vacation, and other benefits. Plaintiff's salary with commission was approximately $144,000.00.

24.　　At the time of Plaintiff's termination, Defendants jointly employed 15 or more employees.

## COUNT I
## GENDER DISCRIMINATION
## TITLE VII

25.　　Plaintiff repeats and realleges the foregoing paragraphs as though set forth herein in full.

26.　　At all times material hereto, Defendant(s) were an "employer" within the meaning of the Act.

27.　　Plaintiff has satisfied all administrative pre-requisites to the institution of this lawsuit, having filed a timely charge of discrimination with the Delaware Department of Labor which was dual-filed with the Equal Employment Opportunity Commission. Plaintiff has received a Notice of Right to Sue and has timely instituted this civil action.

28.　　The officers and managers of Defendants are all males.

29.　　On or about September 30, 2004, Funeral Services of Delaware appointed a male (Tony Latina) to be the head of the Pre-Need Department. At that time, Plaintiff was advised

-4-

that despite her years of working in Pre-Need and essentially running the program, she would now be reporting to Latina, who had no previous experience in the Pre-Need area.

30.     In fact, Tony Latina admitted that he was not capable of performing the job in or around October, 2004, when he said: "I'm incompetent, but I can learn."

31.     The all-male atmosphere was one of a "boys' club," and Plaintiff was treated differently than the male employees and officers of Funeral Services LLC and James T. Chandler & Son, Inc.

32.     Latina, a shareholder in one of Defendants' entities and Plaintiff's direct supervisor, told Plaintiff that she was "overly emotional" and not a "team player."

33.     On at least one occasion, Tony Latina advised Plaintiff that the business was not a "popularity contest."

34.     Plaintiff was excluded from participating in outside social events that Defendants and Plaintiff's supervisor, Latina, participated in, including work-related dinners and fund-raising and community services projects.

35.     During a meeting with Tony Latina on January 3, 2005, another male employee, Jason Casper, interrupted Plaintiff's meeting, physically threatened Plaintiff and was verbally abusive. Casper physically prevented Plaintiff from leaving the room and threatened to "harm" Plaintiff for issues she had raised regarding his conduct.

36.     Despite his violent behavior, Jason Casper, a male employee, was not reprimanded or otherwise disciplined.

37.     On January 5, 2005, Plaintiff was terminated from her employment with Defendants.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW · 300 DELAWARE AVENUE · SUITE 1130 · P.O. BOX 330 · WILMINGTON, DE 19899

38.    The only written letter regarding Plaintiff's termination was sent to Plaintiff's fiancee, not directly to her, and advised that while Defendants valued Plaintiff's input and expertise, Plaintiff was creating a "stressful" work atmosphere. *See* Exhibit B.

39.    The reason given by the Defendants for Plaintiff's termination are a pretext for unlawful discrimination based on Plaintiff's sex (female).

40.    Plaintiff was replaced by an independent contractor who is male and who had an ongoing relationship with Plaintiff's supervisor, Tony Latina.

41.    The actions described herein were in violation of Plaintiff's civil rights and occurred during the course of Plaintiff's employment with the Defendants and were carried out by the Defendants and their agents, servants and employees.

42.    The actions described herein in violation of the Plaintiff's civil rights were committed by Defendants on account of Plaintiff's sex, and therefore constitutes a violation of 42 U.S.C. § 2000e.

43.    In light of Defendants' willful, knowing and intentional discrimination against the Plaintiff, Plaintiff seeks an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants and requests:

a.    That this Court award back pay;

b.    That this Court award front pay;

c.    That this Court award compensatory damages;

d.    That this Court award punitive damages;

e.    That this Court award pre-judgment interest;

-6-

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW · 300 DELAWARE AVENUE · SUITE 1130 · P.O. BOX 330 · WILMINGTON, DE 19899

    f.     That this Court award Plaintiff reasonable attorneys' fees and costs of this action;

    g.     That this Court order such other and further relief as may be just and equitable.

**COUNT II**
**GENDER DISCRIMINATION**
**DELAWARE DISCRIMINATION IN EMPLOYMENT ACT**

44.    Plaintiff repeats and realleges the foregoing paragraphs as though set forth herein in full.

45.    At all times material hereto, Defendant(s) were an "employer" within the meaning of the Delaware Discrimination in Employment Act.

46.    Plaintiff has satisfied all administrative pre-requisites to the institution of this lawsuit, having filed a timely charge of discrimination with the Delaware Department of Labor which was dual-filed with the Equal Employment Opportunity Commission. Plaintiff has received a Notice of Right to Sue and has timely instituted this civil action.

47.    The actions described herein were in violation of Plaintiff's civil rights and occurred during the course of Plaintiff's employment with the Defendants and were carried out by the Defendants and their agents, servants and employees.

48.    The actions described herein in violation of the Plaintiff's civil rights were committed by Defendants on account of Plaintiff's sex, and therefore constitutes a violation of 19 Del. Code § 711, *et seq.*

49.    In light of Defendants' willful, knowing and intentional discrimination against the Plaintiff, Plaintiff seeks an award of punitive damages.

-7-

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants and requests:

a.     That this Court award back pay;

b.     That this Court award front pay;

c.     That this Court award compensatory damages;

d.     That this Court award punitive damages;

e.     That this Court award pre-judgment interest;

f.     That this Court award Plaintiff reasonable attorneys' fees and costs of this action;

g.     That this Court order such other and further relief as may be just and equitable.

## COUNT III
## MALICIOUS PROSECUTION

50.     Plaintiff repeats and realleges the foregoing paragraphs as though set forth herein in full.

51.     In September, 1995, Plaintiff and Defendant Chandler Funeral Homes entered into an employment contract for a term of one year. *See* Exhibit C.

52.     After the expiration of the one year, no new employment contract or renewal was executed by Plaintiff.

53.     The 1995 Employment Agreement was not assigned to Funeral Services by James Chandler & Son, Inc.

-8-

54.    Plaintiff never executed an employment agreement for employment with Funeral Services.

55.    Despite the expiration of Plaintiff's Employment Agreement in 1996, on January 26, 2005 (after their unlawful termination of Plaintiff's employment), Defendants filed a lawsuit against Plaintiff, captioned <u>James T. Chandler & Son, Inc. v. Anne M. Rowan and McCrery Funeral Homes, Inc.</u>, in the Chancery Court of the State of Delaware, New Castle County, Docket No. 1056-N ("<u>Chandler</u> litigation"), alleging that Plaintiff was in breach of her expired Employment Agreement by working for the McCrery Funeral Homes and further alleging that Plaintiff and her new employer, McCrery Funeral Homes, Inc., misappropriated Defendants' trade secrets.

56.    On January 27, 2005, Defendants moved for a temporary restraining order in the <u>Chandler</u> litigation to preclude Plaintiff from being employed by McCrery Funeral Homes based on the averment that she was breaching a restrictive covenant.

57.    At the time the Complaint was filed and the temporary restraining order requested, defendant Funeral Services of Delaware was not a party to the action; however, after Plaintiff raised this argument in her Answer, Defendants' amended their Complaint to include Funeral Services of Delaware in the <u>Chandler</u> litigation.

58.    Plaintiff, through her counsel, served Defendants with a draft Rule 11 Motion demanding that Defendants dismiss their case; however, Defendants refused to voluntarily comply.

59.    Defendants pursued the <u>Chandler</u> litigation, even though at the time of the filing of the Complaint and Amended Complaint, Plaintiff's Employment Agreement had expired and had not been assigned to Plaintiff's most recent employer, Funeral Services.

-9-

60.    No factual or legal basis existed upon which to contend that Rowan was in breach of a restrictive covenant or that the restrictive covenant in the Employment Agreement was enforceable for purposes of barring her employment with the McCrery Funeral Homes.

61.    In addition, Defendants pursued the <u>Chandler</u> litigation despite having no evidentiary foundation for their claim that the Plaintiff and her new employer, McCrery Funeral Homes, had misappropriated trade secrets.

62.    Plaintiff filed a Motion for Sanctions which was granted by the Chancery Court.

63.    The Honorable Leo F. Strine, Jr. granted Plaintiff's Motion for Sanctions and awarded attorneys' fees incurred by plaintiff from the time of the filing of the Amended Complaint. While these fees were paid by Defendants pursuant to court order, Plaintiff incurred fees and costs in the defense of the lawsuit which have not been paid.

64.    The <u>Chandler</u> litigation was dismissed against Plaintiff.

65.    Defendants instituted the <u>Chandler</u> litigation against Plaintiff without probable cause and with legal malice.

66.    The case has terminated in favor of Plaintiff.

67.    Defendants are collaterally estopped from arguing that their case had merit or that they had probable cause for filing the Complaint and/or the Amended Complaint in the <u>Chandler</u> litigation in light of Plaintiff's successful Motion for Sanctions.

68.    Plaintiff has sustained damages, including but not limited to, attorneys' fees, stress, anxiety, sleeplessness, humiliation and emotional distress caused by the initiation and continuation of the meritless litigation by Defendants.

69.    Defendants acted intentionally or in reckless disregard of Plaintiff's rights in initiating and continuing the <u>Chandler</u> litigation and lacked a good faith belief in the veracity of

-10-

the factual claims or legal positions.  Defendants failed to make any reasonable investigation prior to filing their lawsuit.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants and requests:

   a.     That this Court award reimbursement of attorneys fees incurred in the defense of the <u>Chandler</u> litigation;

   b.     That this Court award compensatory damages;

   c.     That this Court award punitive damages;

   d.     That this Court award pre-judgment interests;

   e.     That this Court award Plaintiff reasonable attorneys' fees and costs of this action;

   f.     That this Court order such other and further relief as it may be just and equitable.

**COUNT IV**
**FALSE IMPRISONMENT**

70.     Plaintiff repeats and realleges the foregoing paragraphs as though set forth herein in full.

71.     On January 3, 2005, Plaintiff, during the course and scope of her employment with Defendants, attended a meeting with her supervisor, Tony Latina at Defendants' workplace.

72.     During that meeting, another male employee, Jason Casper, interrupted Plaintiff's meeting by barging into the room.

-11-

73.     Upon information and belief, Jason Casper was acting within the course and scope of his employment with Defendants at all relevant times hereto.

74.     Jason Casper, an employee of Defendants, physically threatened Plaintiff and was verbally abusive.

75.     Jason Casper, an employee of Defendants, slammed the door to the room as Plaintiff attempted to leave and prohibited her from leaving, while continuing to scream and threaten Plaintiff.

76.     Jason Casper, an employee of Defendants, physically prevented Plaintiff from leaving the room.

77.     Jason Casper, an employee of Defendants, threatened to "harm" Plaintiff for issues she had raised regarding his conduct.

78.     Jason Casper, an employee of Defendants, knowingly restrained Plaintiff by confining her in the room where she was meeting with Tony Latina without Plaintiff's consent.

79.     Jason Casper, an employee of Defendants,  physically prevented Plaintiff from leaving the room, which constitutes false imprisonment.

80.     Plaintiff experienced anxiety, stress and emotional injury as a result of Casper's false imprisonment.

81.     Defendants are liable for Casper's false imprisonment of Plaintiff because they failed to take any action to prevent Casper's unlawful confinement of Plaintiff and because Casper was acting in the course and scope of his employment at the time of the false imprisonment.

SWARTZ CAMPBELL LLC
ATTORNEYS AT LAW · 300 DELAWARE AVENUE · SUITE 1130 · P.O. BOX 330 · WILMINGTON, DE 19899

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants and requests:

      a.    That this Court award compensatory damages.

## JURY DEMAND

Plaintiff demands a trial by jury of all of her claims.

SWARTZ CAMPBELL LLC

Nicholas Skiles, Esquire (DE ID#3777)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
302-656-5935
Attorney for Plaintiff, Anne M. Rowan

Of Counsel:

William T. Salzer, Esquire
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA 19103
215-299-4346

-13-

# EXHIBIT A

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM**

---

Ms. Anne M. Rowan                                    State Case No.:  05040148W
37 N. Warner Street
Woodbury, NJ  08096
vs.
Funeral Services of Delaware/Chandler Funeral Home
2506 Concord Pike
Wilmington, DE 19803

---

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 <u>Del. C.</u> § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred.  The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:
In this discrimination case, Charging Party must show that she was discriminated against because of her sex and age when Respondent subjected her to disparate treatment. Charging Party must further show that she reported the discrimination and that Respondent retaliated by terminating her employment.  Charging Party can show this by demonstrating that she was treated differently than her similarly situated coworkers, terminated for reporting that she felt discriminated against and replaced by an individual outside of her protected category.  The evidence and information provided during the investigation revealed that Charging Party was not subjected to disparate treatment because of her age and sex but rather she was treated appropriately in response to Charging Party's behavior in the workplace.   The evidence further revealed that Charging Party did display an unprofessional rude demeanor in the workplace towards coworkers and management. The evidence did not demonstrate that Charging Party was terminated. Charging Party's witnesses failed to corroborate her allegations that she was treated differently because of her sex and age or that she was terminated because she made a complaint of discrimination.   In addition, Charging Party did not provide any documentation to demonstrate disparate treatment or retaliation. Therefore, Charging Party has failed to establish illegal sex or age discrimination and/or retaliation occurred.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

_____1/31/06_____                    _____Julie Klein Cutler_____
Date issued                                Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12NC : 01/06

### NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)    A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)    The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)    The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

### NOTICE OF FEDERAL RIGHTS

1.    If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.    If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.    Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

# EXHIBIT B



# CHANDLER

FUNERAL HOMES & CREMATORY

January 6, 2005

Mr. Jesse Pebley
Eglington Cemetery
PO Box 283
Clarksboro, NJ 08020

Dear Jesse,

Yesterday was a very difficult day for me. Anne and I had teamed up on a number of innovative projects at Chandler Funeral Homes. I always valued her input and expertise.

Anne was frustrated with the management of Funeral Services of Delaware as we tried to expand our pre-need sales force. Consequently, the work place atmosphere at the funeral home had become stressful and deteriorated to the point that productivity was suffering.

The incident Monday evening in the office was the event that pushed me to the point of action. For the health and prosperity of both Anne and Chandler Funeral Homes, we had to part ways at this time.

There is no question that I will miss Anne's positive, aggressive nature. I wish you and Anne well in the years to come.

Sincerely,

James T. Chandler, IV

2506 Concord Pike, Wilmington, Delaware 19803
7230 Lancaster Pike, Hockessin, Delaware 19707
(302) 478-7100 • Fax (302) 478-0161
www.chandlerfuneralhome.com
James T. Chandler & Son, Inc.

# EXHIBIT
# C

☒ 002

## EMPLOYMENT AGREEMENT

This Agreement made between Anne M. Rowan, of 37 N. Warner Street, Woodbury, New Jersey, 08096, hereinafter referred to as "Employee", and James T. Chandler and Son, Inc., corporation of the State of Delaware, whose principal place of business is located at 2506 Concord Avenue, Wilmington, Delaware 19803, hereinafter referred to as "Employer".

1.    Employer is engaged in the business of funeral services.

2.    Employee has been engaged, and has a great deal of experience, in the above-designated business as a Pre-Need Sales Manager.

3.    Employee is willing to be employed by Employer, and Employer is willing to employ Employee, on the terms, covenants, and conditions hereinafter set forth.

For the reasons set forth above, and in consideration of mutual promises and agreements hereinafter set forth, Employer and Employee agree as follows:

### SECTION I
### EMPLOYMENT

Employer hereby employs, engages, and hires Employee as the Pre-Need Sales Manager for Employer, and Employee hereby accepts and agrees to such hiring, engagement, and employment, subject to the general supervision and pursuant to the orders, advice, and direction of

A-6

Employer.  Employee shall perform such other duties as are customarily performed by one holding such position in other, same, or similar businesses or enterprises as that engaged in by Employer, and shall also additionally render such other business-related services and duties as may be assigned to her from time to time by Employer.

## SECTION II
### BEST EFFORTS OF EMPLOYEE

Employee agrees that she, at all times, faithfully, industriously and to the best of her ability, experience, and talents, perform all the duties that may be required of, and from her, pursuant to the express and implicit terms hereof, to the reasonable satisfaction of Employer. Such duties shall be rendered at the principal place of business of the Employer, or its branch offices or offices, and as such other place as Employee shall consider to be in the best interest of the Employer, or at such other places as Employer shall require.

## SECTION III
### TERMS OF EMPLOYMENT

The term of this Agreement shall be for a period of one year commencing on September 11, 1995, and terminating on September 11, 1996, subject, however, to prior termination as hereinafter provided. At the expiration date of September 11, 1996, the parties shall reconsider further employment.

A-7

BECKER/IPPULITI                                                    ☑004

## SECTION IV

### COMPENSATION OF EMPLOYEE

Employer shall pay Employee, Employee shall accept from Employer, in full payment for Employee's services rendered hereunder as follows:

1.   Base salary is $28,000 per year, payable bi-weekly, in the amount of $1,076.92 bi-weekly for current year of contract.

2.   A commission of 12 %, for Pre-Need Sales Contracts which have been produced by Employee, with the final Pre-Need Sales Contracts being signed in front of Employee and the funds therefore collected.

3.   2-1/2 % when a Pre-Need Sales Contract has been accomplished with the production of others at the funeral home.

Said over-ride is to be paid in connection with Items 2 and 3, on the same bi-weekly basis as the base salary. Moreover, in connection with Items 2 and 3, when insured is age 90 or above, current insurance company (Forethought) pays no commission to Employer. Therefore, Employee agrees to receive a 50% reduction in commission in over-ride when insurance company pays no commission to Employer.

4.   Employer shall reimburse Employee for business-related mileage at the IRS Federal established rate.

5.   Employee shall be reimbursed for business-related telephone calls.

6.   Employee shall be reimbursed for approved educational seminar expenses.

7.   Employee shall be entitled to a free funeral so long as still employed with Employer, as well as family discounts on funerals for members of the family as long as Employee is still employed by Employer.

A-8

8.    Employee shall be entitled to all benefits as set forth in the Employee's Manual, provided, however, that Employee shall be entitled to reimbursement for health insurance premiums until such period of time as she would be covered under the Flexible Benefits Company Plan; thereafter, she would be covered under the Flexible Benefits Company Plan.

9.    All other benefits are as set forth in the Employee's Manual.

10.    Employer and Employee shall discuss possible bonus plans for continued good performance of Employee.

## SECTION V
## OTHER EMPLOYMENT

1.    Employee shall devote all of her time, attention, knowledge and skills solely to the business and interest of Employer, and Employer shall be entitled to all the benefits, profits or other issues arising from, or incident to, all work, services and advice of Employee, and Employee, shall not, during the term hereof, be interested, directly or indirectly, in any manner, as partner, officer, director, stockholder, advisor, employee, or in any other capacity in any other business similar to Employer's business or allied trade. Employee is currently writing a book on the subject of Pre-Planning, with the intention to publish said book. This section does not pertain to the above-mentioned book.

## SECTION VI
## RECOMMENDATIONS FOR IMPROVING OPERATIONS

A-9

Employee shall make available to Employer all information of which Employee shall have any knowledge and shall make all suggestions and recommendations that will give mutual benefit to Employer and herself.

## SECTION VII
### TRADE SECRETS

Employee shall not, at any time, or in any manner, either directly or indirectly, divulge, disclose or communicate to any person, firm or corporation, in any manner, whatsoever, any information concerning any matters affecting or relating to the business of Employer, including without limiting the generality of the foregoing, any of its customers, the prices it obtained, or has obtained, in connection with its services, or any of the products that it sells, or any other information concerning the business of Employer, its manner of operation, its plans, processes, or other data, without regard to whether all of the foregoing matters will be deemed confidential, material, or important, the parties hereto stipulating that as between them, the same are important, material and confidential, and gravely affect the effective and successful conduct of the business of Employer, and the Employer's good will, and that any breach of the terms of this paragraph shall be a material breach to this Agreement.

## SECTION VIII
### TERMINATION CLAUSE

A-10

If Employee violates any of the provisions of this Agreement, or if Employee breeches her duty of trust to Employer, Employer shall have the right to cancel this Agreement forthwith. Likewise, if Employer violates any of the provisions of this Agreement, Employee shall have the right to cancel this Agreement forthwith.

## SECTION IX
### SHORT TERM DISABILITY AND LONG TERM DISABILITY WITH RENEGOTIATION OF CONTRACT

Short term disability shall be as defined in the Employee's Manual. In the event that Employee shall be unable to perform her duties for a continuous period of time over ten business working days, the terms of this Contract shall be considered to be null and void and the Employer and Employee shall renegotiate said Contract.

## SECTION X
### RESTRICTIVE COVENANT

In the event that Employee is no longer employed by Employer, Employee agrees that she shall not compete with the Employer, either directly or indirectly, in any manner, as a Partner, Officer, Director, Shareholder, Advisor, Employee, Pre-Need Sales Manager, Pre-Need Sales Person, or in any other capacity in any funeral establishments or Pre-Need funeral contract business at any place in New Castle County for a period of at least three years from the date that Employee is no longer employed by Employer. It is agreed that said competition would create irreparable harm to Employer.

A-11

SECTION XI

SEVERABILITY

All Agreements and Covenants contained herein are severable, and in the event any of them shall be held to be invalid by any competent Court, this Contract shall be interpreted as if invalid agreements or covenants were not contained therein.

SECTION XII

CHOICE OF LAW

The intention of the parties hereto with this Agreement and the performance hereunder in all suits and special proceedings herewith to be construed in accordance with and pursuant to the laws of the State of Delaware.

IN WITNESS WHEREOF, the parties have executed this Agreement on this ____11th____ day of ____September____, 1995.


WITNESSED:



_____          _____
                                   ANNE M. ROWAN


_____          By:_____
                                   JAMES T. CHANDLER & SON, INC.
                                   President


A-12

# CERTIFICATE OF SERVICE

· I, Victor F. Battaglia, Sr., Esquire, do hereby certify that on the 31ˢᵗ day of January, 2005 two

true and correct copies of PETITIONER'S OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR

TEMPORARY RESTRAINING ORDER were forwarded via First Class Mail to the following:

Anne M. Rowan                                  Albert J. McCrery, III
37 North Warner Street                         3924 Concord Pike
Woodbury, NJ 08096                             Wilmington, DE 19803


BIGGS AND BATTAGLIA


_____/s/ Victor F. Battaglia_____
Victor F. Battaglia, Sr. (ID# 156)
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Attorney for Petitioner

℗JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Anne M. Rowan

**(b)**  County of Residence of First Listed Plaintiff  Gloucester
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Nicholas E. Skiles
Swartz Campbell, 300 Dela. Ave., Suite 1130
Wilm. De 19899  (302) 656-5935

## DEFENDANTS

James J. Chandler & Sons, Inc.
Funeral Services of Dela. LLC

County of Residence of First Listed Defendant  New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII

Brief description of cause:
Sexual Discrimination; wrongful discharge

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  4/20/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 2 5 8 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 2 _____ COPIES OF AO FORM 85.

_____4/20/06_____
(Date forms issued)

_____Shane Handlin_____
(Signature of Party or their Representative)

_____Shane Handlin_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action