IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANNE M. ROWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-258-GMS |
| ) | |
| JAMES T. CHANDLER & SON, INC. and ) | JURY TRIAL DEMANDED |
| FUNERAL SERVICES OF DELAWARE, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendants James T. Chandler & Son, Inc. and Funeral Services of Delaware, by and through their undersigned counsel, hereby answer the Complaint as follows:

1.  This paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed to be required, the allegations in this paragraph are denied.

2.  This paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed to be required, the allegations in this paragraph are denied.

3.  Denied.

4.  Denied, except it is admitted that Plaintiff worked for Defendants in the State of Delaware.

5.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph, and therefore denies them, except it is admitted that Anne M. Rowan is an adult female individual.

6.  Admitted.

7.  Admitted.

8. Admitted.

9. Denied.

10. This paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed to be required, the allegations in this paragraph are denied.

11. Denied, except it is admitted that Plaintiff filed a charge of discrimination on or about April 15, 2005 with the Delaware Department of Labor and the EEOC.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied, except that it is admitted that Plaintiff was not rated "poor" on any formal performance review.

17. Admitted.

18. Denied, except it is admitted that for at least one year, Plaintiff sold, on behalf of Funeral Services of Delaware, LLC, pre-planning funeral services insurance policies with a face value of over one million dollars.

19. Admitted.

20. This paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed to be required, the allegations in this paragraph are denied.

21. This paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed to be required, the allegations in this paragraph are denied.

22. Denied, except it is admitted that on January 5, 2005, Delaware Funeral Services, LLC terminated Plaintiff's employment.

23. Denied.

24. Denied.

25. Defendants repeat and re-allege the foregoing paragraphs as though set forth herein in full.

26. Denied.

27. Denied, except it is admitted that Plaintiff filed charges of discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission and obtained a Notice of Right to Sue from the Delaware Department of Labor.

28. Denied.

29. Denied, except it is admitted that on or about September 30, 2004, Plaintiff's supervisor, James T. Chandler, IV, asked Anthony Latina to take over Mr. Chandler's responsibilities as Plaintiff's supervisor.

30. Denied.

31. Denied.

32. Denied, except it is admitted that Mr. Latina is a shareholder in one of the entities affiliated with Defendants.

33. Denied.

34. Denied.

35. Denied, except it is admitted that on the afternoon of January 3, 2005, Plaintiff met with Mr. Latina, and that during the meeting Jason Casper heard, through the closed office door, defamatory statements about him that Plaintiff was shouting to Mr. Latina, entered the office, and told Plaintiff not to make such comments about him.

DB02:5399208.1    065412.1001

36.  Denied that Jason Casper engaged in violent behavior; otherwise admitted.

37.  Admitted.

38.  Denied, except it is admitted that Mr. Chandler sent a letter, which speaks for itself, to Jesse Pebley, who was an old friend of Mr. Chandler's.

39.  Denied.

40.  Denied, except that it is admitted that an independent contractor is now performing the sales function that Plaintiff performed and that Mr. Latina is acquainted with the individuals who work for the independent contractor.

41.  Denied.

42.  Denied.

43.  Denied that Plaintiff is entitled to punitive damages.

44.  Defendants repeat and re-allege the foregoing paragraphs as though set forth herein in full.

45.  Denied.

46.  Denied, except it is admitted that Plaintiff filed charges of discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission, obtained a Notice of Right to Sue from the Delaware Department of Labor, and filed this action.

47.  Denied.

48.  Denied.

49.  Denied that Plaintiff is entitled to punitive damages.

50.  The defendants repeat their answers to paragraphs 1 through 49.

51.  Admitted that James T. Chandler and Son, Inc. entered into an employment agreement with plaintiff in September 1995. Denied that Chandler Funeral Homes is a legal entity or that it entered into an employment agreement with plaintiff.

4

52. Admitted.

53. Denied.

54. Admitted.

55. Denied, except it is admitted that Defendants filed a lawsuit against Plaintiff and that the allegations made by Defendants in the pleadings speak for themselves.

56. The pleadings in the Chandler litigation speak for themselves, and therefore, the allegations of this paragraph are denied as stated.

57. The pleadings in the Chandler litigation speak for themselves, and therefore, the allegations of this paragraph are denied as stated.

58. Admitted that Plaintiff served Defendant's attorney with a draft Rule 11 motion.

59. Admitted that, pursuant to the advice of their attorney in the Chandler litigation, Defendants did not voluntarily dismiss the action at that time. The balance of the averments of this paragraph are denied.

60. Admitted that, pursuant to the advice of its attorney, Defendants pursued the Chandler litigation. The balance of the averments of this paragraph state legal conclusions, and therefore, are denied as stated.

61. Denied.

62. Denied.

63. Admitted that Plaintiff filed a motion for sanctions. Admitted that the motion, in part, was granted. The balance of the averments of this paragraph are denied.

64. Admitted that Vice-Chancellor Strine awarded certain attorneys' fees incurred by Plaintiff and that Defendants paid such fees. Defendants are without sufficient information to affirm or deny the balance of the averments of this paragraph.

65. Admitted.

66. Denied.

67. Admitted.

68. The paragraph states a legal conclusion, and therefore, is denied as stated.

69. Denied.

70. Defendants repeat their answers to paragraphs 1 through 69.

71. Admitted.

72. Admitted that during the course of the meeting, Jason Casper entered the room without invitation. The balance of the averments of this paragraph are denied.

73. The averments of this paragraph state a legal conclusion, and therefore, are denied as stated.

74. Denied that Jason Casper physically threatened plaintiff. Admitted that plaintiff and Jason Casper engaged in a verbal confrontation. The balance of the averments of this paragraph are denied.

75. Denied.

76. Denied, except it is admitted that Jason Casper is an employee of Funeral Services of Delaware, LLC.

77. Denied, except it is admitted that Jason Casper is an employee of Funeral Services of Delaware, LLC.

78. Denied, except it is admitted that Jason Casper is an employee of Funeral Services of Delaware, LLC.

79. Denied, except it is admitted that Jason Casper is an employee of Funeral Services of Delaware, LLC.

80. Denied.

81. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. All of Defendants' actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory business reasons.

3. To the extent that she is asserting a claim for front or back pay, Plaintiff has failed to mitigate her damages in whole or in part.

4. Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

5. Defendants relied upon and followed the advice of their attorney in filing and pursuing the Chandler litigation.

6. Defendants acted in good faith and upon probable cause in filing and pursuing the Chandler litigation.

7. Plaintiff's alleged injuries are due to the intervening and superseding acts of a third person.

8. Workers' compensation is the exclusive remedy for Plaintiff's claim for false imprisonment. 19 Del. C. §2304.

9. As to Count IV, the alleged actions of Jason Casper were not committed within the scope of his employment and were not authorized or otherwise justified by defendants.

WHEREFORE, Defendant demands that the Complaint be dismissed, with costs assessed against Plaintiff.

| FERRY JOSEPH & PEARCE, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| /s/ *Robert K. Pearce* | /s/ *Teresa A. Cheek* |
| Robert K. Pearce, Esquire (No. 191) | Teresa A. Cheek, Esquire (No. 2657) |
| 824 North Market Street, Suite 904 | Margaret M. DiBianca, Esquire (No. 4539) |
| P.O. Box 1351 | The Brandywine Building, 17th Floor |
| Wilmington, DE 19899 | 1000 West Street, P.O. Box 391 |
| Telephone: (302) 575-1555 | Wilmington, Delaware 19899-0391 |
| Facsimile: (302) 575-1714 | Telephone: (302) 571-6676 |
| Co-counsel for Defendants | Facsimile: (302) 576-3286 |
|  | Co-counsel for Defendants |

Dated: July 20, 2006

DB02:5399208.1                                                                                                              065412.1001

**CERTIFICATE OF SERVICE**

I, Robert K. Pearce, Esquire do hereby certify that on July 20, 2006, I electronically filed the foregoing **Answer to Complaint** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Nicholas Skiles, Esquire
(ID #3777)
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P. O. Box 330
Wilmington, DE 19899

I, hereby certify that on July 20, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

William T. Salzer, Esquire
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA 19103

/s/Robert K. Pearce
Ferry, Joseph & Pearce, P.A.
824 Market Street
(302) 575-1555
rpearce@ferryjoseph.com