UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANNE M. ROWAN,<br><br>   Plaintiff,<br><br>v.<br><br>JAMES T. CHANDLER & SON, INC. and<br>FUNERAL SERVICES OF DELAWARE,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 06-258 (GMS)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred by telephone on September 18, 2006 to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case and to discuss the plan for discovery in the above-referenced matter and now submit the following proposed joint discovery plan. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court unless otherwise stated.

  A. **Rule 26(a) Disclosures.** Plaintiff has provided her Rule 26(a) disclosures together with the documents identified in the disclosures. Defendants will provide their Rule 26(a) disclosures and the documents identified in the disclosures on or by Monday, October 2, 2006.

  B. **Subjects on Which Discovery May Be Needed.** Discovery may be needed on the following subjects:

    1. The allegations in the complaint and answer;

    2. Plaintiff's earnings since her departure from her employment with Funeral Services of Delaware.

      3.    Plaintiff's conduct during her employment with Defendants.

C.    **When Discovery Should Be Completed.** The parties expect to complete discovery by May 15, 2007. The parties have agreed that Plaintiff will identify any experts she expects to call at trial and to produce the report(s) of such experts no later than February 1, 2007. Defendants will identify any experts they expect to call at trial and produce the report(s) of such experts no later than March 15, 2007.

D.    **Whether Discovery Should Be Completed in Phases or Be Limited To Or Focused On Particular Issues.** The parties do not suggest at this time that discovery be completed in phases or be limited to or focused on particular issues.

E.    **Limitations on Discovery.** The parties do not believe at this time that any special limitations on discovery are required.

F.    **Any Other Orders That Should Be Entered Under Rule 26(c) or Rule 16(b) and (c).** The parties do not at this time suggest any other orders that should be entered under Rule 26(c) or Rule 16(b) and (c).

| FERRY, JOSEPH & PEARCE, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| /s/ Robert K. Pearce<br>Robert K. Pearce, Esquire (No. 191)<br>824 Market Street, Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899<br>(302) 575-1555<br>Co-counsel for Defendants | /s/ Teresa A. Cheek<br>Teresa A. Cheek, Esquire (No. 2657)<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE 19801<br>(302) 571-6676<br>Co-counsel for Defendants |

SWARTZ CAMPBELL LLC

/s/ Nicholas E. Skiles
Nicholas E. Skiles, Esquire (No. 3777)
300 Delaware Avenue
Wilmington, DE 19899
(302) 656-5935
Co-counsel for Plaintiff

Dated: September 26, 2006

SWARTZ CAMPBELL LLC
William T. Salzer, Esquire
1601 Market St., 34th Floor
Philadelphia, PA 19103
(215) 299-4346
Co-counsel for Plaintiff