UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANNE M. ROWAN, | ) | |
| | ) | |
| Plaintiff | ) | C. A. No.: 06-258 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES T. CHANDLER & SON, INC., and | ) | JURY TRIAL DEMANDED |
| FUNERAL SERVICES OF DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred by telephone on September 18, 2006 to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case and to discuss the plan for discovery in the above-referenced matter and now submit the following proposed joint discovery plan. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court unless otherwise stated.

1. **Jurisdiction and Service**. The Court has subject matter and personal jurisdiction over the litigation and the parties. All parties have been served.

2. **Substance of the Action.**

    a. Plaintiff's Statement: Plaintiff has brought the above-captioned lawsuit seeking relief for defendants' discrimination based on Plaintiff's gender and the wrongful termination of Plaintiff under both Title VII and the Delaware Discrimination in Employment Act. In addition, after Defendants wrongfully terminated Plaintiff, they initiated a meritless lawsuit against Plaintiff alleging that she was in violation of an expired restrictive covenant and that she allegedly misappropriated trade secrets. The initiation and continuation of this baseless

lawsuit, without any investigation, gives rise to the tort of malicious prosecution. In addition, prior to her wrongful termination, Plaintiff was falsely imprisoned by an employee of Defendants' while acting in the course and scope of his employment.

b. Defendants' Statement: Defendants deny that they discriminated against Plaintiff in any way and further deny that Plaintiff was wrongfully terminated. With regard to the malicious prosecution claim, the defendants contend that they acted in good faith in filing and pursuing the underlying action against the plaintiff for breach of the restrictive covenant. Furthermore, in filing and pursuing the action, the defendants relied upon the advice of their attorney, Victor Battaglia. With regard to the claim for false imprisonment, the plaintiff's sole remedy is the workers compensation, pursuant to 19 Del.C. §2304. Furthermore, the alleged actions of Jason Casper were not performed within the scope of his employment and were not authorized by the defendants.

**Identification of Issues.** All of the facts and legal issues identified are at issue.

**Defendants** - With regard to the malicious prosecution claim, the following facts are at issue:

(a) Whether or not the plaintiff acted with malice in filing the action;

(b) Whether or not there was a lack of probable cause for the action;

(c) Whether or not the plaintiff has been damaged as a result of that action to an extent in excess of the amount of which she has already been reimbursed;

(d) Whether or not the defendant acted upon the advice of their attorney in filing and pursuing the action;

(e) The defendants reserve the right to raise any other issues that come to light through discovery.

With regard to the false imprisonment claim, the following facts are at issue:

    (a)    Whether or not Mr. Casper restrained the plaintiff from leaving the room;

    (b)    If so, whether or not such restraint was unlawful;

    (c)    If so, whether such restraint was against Plaintiff's will;

    (d)    Whether or not Mr. Casper's actions were within the scope of his employment;

    (e)    Whether or not the plaintiff is barred from seeking a remedy against her employer other than pursuant to the Workers Compensation Act.

    (f)    The defendants reserve the right to raise any other issue that comes to light through discovery.

With regard to the discrimination claims, the issues include the following:

    (a)    Whether the plaintiff was subjected to sexual harassment;

    (b)    Whether the plaintiff ever complained of sexual harassment;

    (c)    Whether the plaintiff was discriminated against based on gender;

    (d)    Whether the plaintiff was wrongfully discharged;

    (e)    Whether the plaintiff suffered any compensable economic or other damages;

    (f)    Whether the plaintiff mitigated her alleged damages;

    (g)    Whether there is any basis for plaintiff's claim for punitive damages;

    (h)    The defendants reserve the right to raise any other issue that comes to light through discovery.

3. **Narrowing of Issues**.

<u>Defendants</u> - The defendants intend to file dispositive motions with regard to all of the plaintiff's claims.

4.      **Relief.**  As set forth in Plaintiff's Self Executing Disclosures, Plaintiff seeks lost wages, front pay, attorneys fees from the *Chandler* litigation and in the present action, compensatory damages and punitive damages, which Plaintiff estimates totals $689,614.00.

5.      **Amendment of Pleadings. At this time, Plaintiff does not intend to amend her pleadings.**

**Defendants** - The defendants do not intend to amend the pleadings at this time.

6.      **Joinder of Parties.**  At this time, Plaintiff submits that all necessary parties have been joined.

**Defendants** - The defendants do not intend to join additional parties at this time.

7.      **Discovery.**  The parties expect to complete discovery by May 15, 2007. The parties have agreed that Plaintiff will identify any experts she expects to call at trial and to produce the report(s) of such experts no later than February 1, 2007. Defendants will identify any experts they expect to call at trial and produce the report(s) of such experts no later than March 15, 2007. Plaintiff previously served discovery requests upon Defendants, the responses to which are overdue. Defendants have served Plaintiff with Interrogatories and Document Requests, which will be timely answered.  Plaintiff has furnished defendants all pertinent documents in her possession.  Plaintiff will require the depositions of Defendants' officers, in addition to several employees and non-party witnesses. Plaintiff may seek written statements from other employees of Defendants in an effort to minimize the number of depositions to be taken.

**Defendants** - See the Joint Discovery Plan.

8.      **Estimated trial length.** Plaintiff anticipates that she will need 3 days to present her claims at trial.

The defendants anticipate that the trial will last for six days.

9. **Jury trial.** Plaintiff has requested a jury trial.

**Defendants** - Both parties have requested a jury trial.

10. **Settlement.** No settlement discussions have taken place since the initiation of this lawsuit. Plaintiff would agree to participate in a settlement conference.

**Defendants** - The defendants agree that referral to the magistrate for mediation or other ADR mechanism is appropriate.

11. **Other Matters.** Defendants have stipulated to provide answers to Plaintiff's discovery requests within the next ten (10) days.

12. Counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| FERRY, JOSEPH & PEARCE, P.A. | YOUNG, CONAWAY STARGATT & TAYLOR, LLP |
| | |
| */s/ Robert K. Pearce* | */s/Teresa A. Cheek* |
| Robert K. Pearce, Esquire (No. 191) | Teresa A. Cheek, Esquire (No. 2657) |
| 824 Market Street, Suite 904 | The Brandywine Building, 18th Floor |
| P. O. Box 1351 | 1000 West Street, P. O. Box 391 |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 575-1555 | (302) 571-6676 |
| Co-Counsel for Defendants | Co-Counsel for Defendants |
| | |
| | SWARTZ CAMPBELL LLC |
| OF COUNSEL: | |
| William T. Salzer, Esquire | */s/Nicholas E. Skiles* |
| Two Liberty Place | Nicholas E. Skiles, Esquire (No.: 3777) |
| 50 S. 16th Street | 300 Delaware Avenue, Suite 1130 |
| Philadelphia, PA 19102 | Wilmington, DE 19899 |
| (215) 299-4346 | (302) 656-5935 |
| Co-counsel for Plaintiff | Co-Counsel for Plaintiff |

Date: October 26, 2006